[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 21, 2009
THOMAS K. KAHN
CLERK

No. 08-12939
Non-Argument Calendar
_____

Agency No. A98-710-816

IVAN EDUARDO FORERO HERNANDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 21, 2009)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Ivan Eduardo Forero-Hernandez, a native and citizen of Colombia, petitions

for review of the Board of Immigration Appeals ("BIA") decision affirming the

denial of his application for withholding of removal under the Immigration and

Nationality Act ("INA"). Forero-Hernandez argues that the BIA, despite finding him credible, overlooked evidence that he was persecuted when he was kidnaped and physically assaulted. After thorough review, we grant the petition for review and vacate and remand for further proceedings.[1]

We review the BIA's legal determinations de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). Factual determinations are reviewed under the "highly deferential substantial evidence test," which requires us to "view the record in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). We "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1027 (quotation omitted). However, we "cannot find, or consider, facts not raised in the administrative forum, nor can we reweigh the evidence from scratch." Id.

Although the BIA is not required to discuss every piece of evidence presented, it is required to consider all the evidence submitted by the petitioner. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1376 (11th Cir. 2006). When the BIA fails

---

[1] Forero-Hernandez also sought asylum and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). The BIA affirmed the denial of those claims, and he has abandoned those arguments because he does not challenge the BIA's determinations regarding either claim. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

to make a reasoned decision, it is appropriate to vacate and remand for further consideration. See id. at 1375-77; Mezvrishvili v. U.S. Att'y Gen., 467 F.3d 1292, 1295-97 (11th Cir. 2006). For example, in Tan, we granted the petition for review and vacated and remanded for further proceedings because we were unable to adequately review the IJ's decision when he found the petitioner to be credible but failed to explain why he did not credit a certain portion of the petitioner's testimony. Tan, 446 F.3d at 1373, 1375-76 (reviewing the IJ's decision because the BIA affirmed without opinion). Thus, when the BIA does not make sufficient factual findings and apply those facts to the law, we should remand to allow such determinations to be made in the first instance. See INS v. Ventura, 537 U.S. 12, 16-17 (2002) (stating that allowing for agency decision-making is of particular importance in the immigration context).

Substantively, an alien seeking withholding of removal under the INA must establish that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A). Evidence of past persecution on account of a protected ground creates a presumption that his life or freedom would be threatened upon return to his country, but this presumption may be rebutted if country conditions have fundamentally changed or the person could safely relocate within the country. 8 C.F.R. § 208.16(b)(1)(i). To establish past persecution, the alien must prove that

3

(1) he was persecuted, and (2) the persecution was on account of a protected ground. Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006). Although the term is not defined by the INA, we have held that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (quotations omitted). "In determining whether an alien has suffered past persecution, the IJ must consider the cumulative effects of the incidents." Delgado v. U.S. Att'y Gen., 487 F.3d 855, 861 (11th Cir. 2007).

Threats alone do not constitute past persecution. See Silva, 448 F.3d at 1237 ("condolence note" alone did not constitute past persecution); Sepulveda, 401 F.3d at 1231 (menacing telephone calls and threats to the alien and her family did not constitute past persecution). However, past persecution may exist when verbal threats were accompanied by physical attacks. In Mejia v. U.S. Att'y Gen., 498 F.3d 1253 (11th Cir. 2007), we held that the petitioner suffered past persecution when the FARC's threats and attacks over an 18-month period escalated from throwing a large rock at Mejia during a soccer game to later pointing "a gun at his head and then [breaking] his nose with the butt of the rifle." Id. at 1257-58 (stating that assessing past persecution requires a consideration of "the cumulative impact of the mistreatment the petitioners suffered") (emphasis omitted).

4

Here, it is unclear whether the events described by Forero-Hernandez, taken cumulatively, compel the conclusion that he suffered past persecution on account of his political opinion.[2] Because the BIA affirmed the IJ's finding that the petitioner was credible, we will take his testimony as true. Mejia, 498 F.3d at 1254 n.2. Specifically, Forero-Hernandez testified that in 1991, the FARC threatened him on five different occasions that he and his family would be hurt if he continued his work with the Liberal party. In 1997, the FARC telephoned the petitioner and directed him to a written message that threatened him to leave the city or country within 30 days. Next, in 1998, three men from the FARC told him to abandon his photography and that he should leave the city. While none of these three instances in which the FARC threatened Forero-Hernandez were accompanied with any physical harm, he was physically attacked on July 20, 1997. On this date, several men from a group called the "Second Urban Front" kidnaped him, hit him in the face several times, shot a bullet whose fragments struck him in the neck, and broke his head with a stone. The record is unclear if the Second Urban Front is separate

---

[2] Although the United States argues that Forero-Hernandez did not expressly say in his brief to the BIA that photography was an expression of his political opinion, he did say in his brief that he had taken photographs that were "compromising" to the FARC, and that he had been threatened to stop his photographs and political activities, lumping the two together. In addition, in the declaration attached to his asylum application, Forero-Hernandez said that he used photography as a means to fight against the violation of people's rights and, to that end, covered different events from a Liberal Party perspective. Thus, his claim of persecution based on political opinion is so intertwined with and based, in part, on his purported photographic work that he sufficiently exhausted this claim.

from or associated with the FARC, but Forero-Hernandez testified that during this incident, one of the assailments suggested that his group had been a part of the threats made to Forero-Hernandez by the FARC in April 1997. In addition, the 2005 Country Report has noted that the FARC has different "fronts," such as the 26th Front and Teofilo Forero Front.

In light of this testimony, the BIA's decision seems to be deficient because the BIA appeared to overlook evidence of Forero-Hernandez's kidnaping and physical attack. Despite finding the petitioner was credible, the BIA only analyzed the threats the petitioner received from the FARC but did not discuss the Second Urban Front's assault. Also, it did not did not address whether, if persecution, it was because of a political opinion. The BIA's silence on the petitioner's physical assault in light of his credible testimony does not allow for adequate review of his claim. Tan, 446 F.3d at 1375-77. Accordingly, we grant Forero-Hernandez's petition, and remand to the BIA to determine whether his physical assault was persecution and, if so, whether it was based on a protected ground. See Mejia, 498 F.3d at 1258; see also Adefemi, 386 F.3d at 1026-27 (holding that this Court is precluded from engaging in fact-finding or considering facts not raised in the administrative forum).

**PETITION GRANTED AND REMANDED FOR FURTHER PROCEEDINGS.**